

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2004

# Fogleman v. Greater Hazleton

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4413

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Fogleman v. Greater Hazleton" (2004). *2004 Decisions.* Paper 39.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/39

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4413

AUREA FOGLEMAN,

                                    Appellant

v.

GREATER HAZLETON HEALTH ALLIANCE;
HAZLETON-SAINT JOSEPH MEDICAL CENTER;
JOSEPH CAPUTO; TIMOTHY FARLEY, Individually
and as a supervisor at St. Joseph Medical Center

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 02-cv-01020
(Honorable James M. Munley)

Argued October 28, 2004

Before: SCIRICA, *Chief Judge*, FISHER and GREENBERG, *Circuit Judges*

(Filed:   December 23, 2004)

CYNTHIA L. POLLICK, ESQUIRE (ARGUED)
The Employment Law Firm
126 South Main Street, Suite 201
Pittston, Pennsylvania 18640
        Attorney for Appellant

FRANK A. CHERNAK, ESQUIRE (ARGUED)
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
        Attorney for Appellees

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Aurea Fogleman challenges the District Court's judgment as a matter of law under Fed. R. Civ. P. 50 in favor of the defendants. We will affirm.

## I.

Fogleman was employed as a pharmacy technician with Hazleton-Saint Joseph Medical Center in June 1999. She was terminated on June 20, 2000, on the grounds of excessive absenteeism and for failure to contact the Medical Center for three consecutive work days. Defendants also contend Fogleman was disciplined or counseled on several occasions for violations of the dress code, repetitive tardiness, and excessive use of the work telephone to make long-distance calls.

On September 15, 2000, Fogleman filed a workers' compensation claim seeking payment for lost wages from May 19 to June 2, 2000, and for full disability after June 3, 2000. Fogleman prevailed on these claims.

## II.

Fogleman filed a complaint against Greater Hazleton Health Alliance, the Hazleton-Saint Joseph Medical Center, Joseph Caputo, her supervisor and director of the pharmacy, and Timothy Farley, vice president of human resources at Greater Hazleton Health Alliance. She alleged retaliation in violation of Title VII, discrimination and failure to accommodate in violation of the ADA, and violation of the Family Medical Leave Act ("FMLA"). After two days of testimony before a jury, the District Court granted defendants' motion for judgment as a matter of law under Fed. R. Civ. P. 50, dismissing Fogleman's complaint.

## III.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review. *Buskirk v. Apollo Metals*, 307 F.3d 160, 165 (3d Cir. 2002) ("We exercise plenary review over the grant or denial of a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).").

## IV.

A. Retaliation Claim

To advance a prima facie case of retaliation under Title VII, "a plaintiff must show that: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the

3

employer's adverse action." *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001) (internal citations omitted).

The District Court rejected Fogleman's retaliation claim because she failed to establish the first prong, that she engaged in a protected activity. Fogleman contends the district court erred because her complaints about sexual harassment and a hostile work environment constituted protected activity.

Where an employee makes a complaint against an employer in good faith, the employer may not retaliate. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996) ("a plaintiff need not prove the merits of the underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed.") (internal citations omitted). A plaintiff's belief may be mistaken, but employer retaliation is prohibited if the allegations of discrimination have an objectively reasonable basis in fact. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001); *see also Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1312 (11th Cir. 2002) ("A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.") (emphasis in original).

4

The District Court concluded that Fogleman did not have an objectively reasonable belief that she was subject to sexual harassment or a sexually hostile work environment. We agree. Fogleman argues that two episodes serve as the primary basis for the claim that her belief was objectively reasonable. The first is Caputo's statement regarding the color of Fogleman's underwear allegedly visible under her white uniform, which Fogleman argues gave rise to a good faith belief she was harassed. But the record fails to show that her belief was objectively reasonable. In the context in which that comment was made – a group discussion about the dress code[1] – the District Court concluded that a reasonable person would not believe that the comment constituted sexual harassment. *See, e.g., Clark County Sch. Dist.*, 532 U.S. at 271 ("simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment"). As the District Court concluded, it would not be reasonable to view "the single instance of her underwear being addressed [as] a means of sexually harassing her." We see no error.

---

[1]There is uncontradicted evidence that the discussion of Fogleman's underwear took place at a meeting where the dress code was discussed in front of other employees. Caputo testified that in the context of discussing the dress code he talked with Fogleman about her underwear showing through her white scrub pants. In her testimony, Fogleman characterized the events as a "meeting [where] everybody in the pharmacy was there . . . . my underwear were brought up . . . . It was stated that I was wearing colored underwear under my white scrubs." Emma Saxon, a co-worker and pharmacy technician, described the episode as "a meeting" where "we had discussed the dress code. Sneakers, no high-tops. It was black pants, black or navy blue. No colored undergarments, if you wore white. Like a white shirt, you couldn't wear a colored bra or anything."

The second episode cited by Fogleman concerns her interaction with two female co-workers. In *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001), we articulated three scenarios in which a plaintiff can show same-sex harassment: where there is evidence that the harasser sexually desires the victim, where the harasser displays hostility to the presence of a particular sex in the workplace (*e.g.*, a male doctor making harassing statements to male nurses because he believes that men should not be nurses), or where the harasser believes that the victim does not conform to the stereotypes of the gender. *Id*. at 262-63. Fogleman presented no evidence that the two co-workers' conduct in question falls into any of *Bibby*'s same-sex discrimination categories. While the female co-workers' comments directed at Fogleman were crude,[2] it would be objectively unreasonable to believe that their treatment of Fogleman constituted same-sex discrimination articulated in *Bibby*.[3]

B. ADA Discrimination Claim

The ADA prohibits "covered employers from discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to . . . hiring, advancement, or discharge[.]" 42 U.S.C.A. § 12112. As we noted in *Jones v. United Parcel Service*, 214 F.3d 402, 407 (3d Cir. 2000), the EEOC's interpretive

---

[2]They allegedly called her names and laughed at her in a demeaning way.

[3]The District Court also found Fogleman did not present evidence of a causal relationship between the protected activity and her termination. Because we agree that Fogleman did not have an objectively reasonable belief that she was discriminated against, we do not reach this issue.

guidelines state that once the qualified employee "has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation . . . through a flexible, interactive process that involves both the employer and the [employee]."[4] 29 C.F.R. Pt. 1630, App. § 1630.9, at 361. "To show that an employer failed to participate in the interactive process, a disabled employee must demonstrate: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319-20 (3d Cir. 1999).

The District Court found Fogleman failed to demonstrate that she requested accommodations or assistance for her disability.[5] Fogleman argues that she requested reasonable accommodation "in the nature of time off from work for treatment."[6] In some instances, it may be possible for a requested leave of absence to constitute a reasonable accommodation. *See, e.g.*, Regulations to Implement the Equal Employment Provisions

---

[4]"The goal of the interactive process is to help identify the precise limitations of the employee's disability and the potential options that could reasonably accommodate those limitations." *Jones v. United Parcel Service*, 214 F.3d 402, 407 (3d Cir. 2000).

[5]In December 1999 and February 2000, Fogleman fell at the hospital, resulting in a back injury. Fogleman was diagnosed with two herniated discs and nerve damage. She testified she was in constant pain and found it difficult to perform her duties at work.

[6]Fogleman contends the Hazleton-Saint Joseph Medical Center, under its employee policies, should have offered her up to a year leave of absence.

7

of the Americans with Disabilities Act, 29 C.F.R. Pt. 1630, App. ("other accommodations could include . . . providing additional unpaid leave for necessary treatment"). But, as we noted in *Conoshenti v. Public Service Electric & Gas Co.*, "the federal courts that have permitted a leave of absence as a reasonable accommodation under the ADA have reasoned, explicitly or implicitly, that applying such a reasonable accommodation at the present time would enable the employee to perform his essential job functions in the near future." 364 F.3d 135, 151 (3d Cir. 2004). For example, in *Criado v. IBM Corp.*, 145 F.3d 437, 444 (1st Cir.1998), the plaintiff offered evidence that her leave would be temporary, allowing her doctor to design a treatment program that would eventually enable her to return to work.[7]

In this case, a request for time off from work does not constitute a reasonable accommodation. The plaintiff bears the burden of identifying the reasonable accommodation. *See Skerski v. Time Warner Cable Co.*, 257 F.3d 273, 284 (3d Cir. 2001). Unlike the plaintiff in *Criado*, Fogleman did not present evidence from which one could reasonably find that a leave of absence, beginning in June 2000 and extending for an unknown period of time, would have enabled her to perform the essential job functions

---

[7]Other courts have expressed doubt that substantial time off from work can constitute a reasonable accommodation. In *Byrne v. Avon Products*, 328 F.3d 379, 380-81 (7th Cir. 2003), the plaintiff, like Fogleman, contended that under the ADA he should have been accommodated by being allowed not to work. The court rejected this interpretation of the ADA, explaining that "[n]ot working is not a means to perform the job's essential functions." *Id*. at 381.

8

within a reasonable amount of time. *See, e.g., Conoshenti*, 364 F.3d at 151. Nor does

Fogleman identify record evidence that specifies the duration of the requested leave.

There is no evidence that permits any conclusion other than that the requested leave was

for an indefinite and open-ended period of time. This does not constitute a reasonable

accommodation. *See, e.g., Rascon v. US West Communications, Inc.*, 143 F.3d 1324,

1334 (10th Cir. 1998) ("[A]n indefinite unpaid leave is not a reasonable accommodation

where the plaintiff fails to present evidence of the expected duration of her impairment.");

*Peter v. Lincoln Technical Inst.*, 255 F. Supp. 2d 417, 437 (E.D. Pa. 2002) ("[M]any

courts have found that a request for indefinite leave is inherently unreasonable,

particularly where there is no favorable prognosis.") (citing to the Fourth, Fifth, Sixth,

and Tenth Circuits); *Shafnisky v. Bell Atlantic, Inc.*, 2002 WL 31513551, *11 (E.D. Pa.

Nov. 5, 2002) ("Open-ended disability leave is not a reasonable accommodation."). Not

only did Fogleman fail to present evidence that she could eventually return to work after

treatment, the record suggests the opposite. Fogleman testified that, after June 3, 2000,

she had difficulty doing simple household chores.[8] Furthermore**,** Fogleman presented no

evidence of a favorable diagnosis and she claimed in her application for workers'

compensation that she was fully disabled.[9]

---

[8]She testified that she could not vacuum, do the dishes, take laundry out of the dryer, or make the bed. She had trouble pushing a grocery store cart and did not carry her own grocery bags. She also testified that she did not drive.

[9]While Fogleman's position that she was fully disabled in her workers' compensation

(continued...)

9

C.  FMLA Claim

The FMLA seeks to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons . . . . in a manner that accommodates the legitimate interests of employers."  29 U.S.C. § 2601(b)(1)-(3).  To further these objectives, the FMLA requires that "an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).[10]  In protection of these rights, § 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."  Under the regulations, the employer must communicate with employees regarding their rights under the FMLA, providing

---

[9](...continued)
claim does not preclude a finding that she is a qualified individual for purposes of her ADA claim, she should have offered evidence regarding how she could nevertheless perform the essential functions of her job with or without accommodation.  *See Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 799 (1999); *Motley v. N.J. State Police,* 196 F.3d 160, 164-65 (3d Cir. 1999).  Fogleman failed to do so.

[10]"The term 'eligible employee' means an employee who has been employed – (I) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12- month period." 29 U.S.C. § 2611(2)(A).  In this case, the parties dispute whether Fogleman was employed for the requisite twelve months.  Because we conclude that Fogleman could not return to work without accommodation, we do not reach this issue.

individualized notice to employees regarding their FMLA rights and obligations.[11]

Fogleman contends that Greater Hazleton did not advise her of her FMLA rights or the consequences of failing to provide a medical leave form. Relying on *Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004), Fogleman argues that Greater Hazleton's failure to advise constitutes a violation of the FMLA. *Conoshenti* held that an employer's failure to advise could constitute a violation of one's FMLA rights, but only if the employee could show resulting prejudice. *Id.* at 144. To show prejudice, Fogleman must demonstrate that, had she been advised of her FMLA rights, she could have returned to work after the twelve-week leave. When an employee returns from FMLA leave, she "is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." 29 C.F.R. § 825.214(a). But, "if the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." 29 CFR § 825.214(b). In light of this provision, we have said that the FMLA does not require "an employer to provide a reasonable accommodation to an employee to facilitate his return to

---

[11]Under 29 C.F.R. § 825.208(a), "[i]n all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee[.]"

the same or equivalent position at the conclusion of his medical leave." *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 384 (3d Cir. 2002).

Fogleman cannot show prejudice because she did not establish that she would have been able to return to work at the end of the twelve-week period without accommodation. The FMLA does not require that the employer provide accommodation to an employee to facilitate her return. Rather, the employee must be able to perform the essential functions of the job without accommodation. Fogleman testified during cross-examination that she would have needed accommodations (the nature of which, she did not specify) to return to work.[12] Thus, Fogleman cannot show prejudice because her testimony establishes that she would not have been able to return to work without accommodation after the twelve-week period. *See, e.g.*, *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 162 (2d Cir. 1999) (declining to "interpret the FMLA as giving an employee a right to sue

---

[12]    Q:    Now, [from June 2000 to January 2001], there was never a time that you could have come back and done all of the essential functions of a pharmacy technician without any accommodation, right?
       A:    No. If someone was willing to work with me, then I would have been able to do everything to my best ability, yes.
       Q:    You needed accommodations to come back?
       A:    Yes, sir.
       Q:    You couldn't do the job without an accommodation?
       A:    Right.
       Q:    And no doctor has ever told you that you could go back and do all of the essential functions of the pharmacy technician job without an accommodation?
       A:    Right.

12

the employer for failing to give notice of the terms of the Act where the lack of notice had no effect on the employee's exercise of or attempt to exercise any substantive right conferred by the Act.").

V.

For the foregoing reasons, we will affirm the District Court's judgment as a matter of law.