

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Clark v. Vernon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Clark v. Vernon" (2007). *2007 Decisions.* Paper 1345.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1345

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1028

BRETT PHILIP CLARK,
                                        Appellant

v.

NANCY VERNON, Individually and in her capacity,
Fayette County District Attorney;
ROBERT EUGENE GRIMM, Individually and in his capacity,
Fayette County Assistant District Attorney;
STEPHANIE YOCABET; RICHARD WORLEY;
JASON COX, Individually and in his capacity,
Uniontown City Police Officer, Uniontown City Police Department;
DAVID BASILE, Individually and in his capacity,
Uniontown City Police Officer, Uniontown City Police Department;
NICHOLAS TIMPERIO;
JEFFREY WHITEKO, Individually and in his capacity,
Fayette County Public Defender;
DIANNE H. ZEREGA, Individually and in her capacity,
Fayette County Court Appointed Attorney;
JACK FLOWERS, Individually and in his capacity,
Fayette County Public Defender, Investigator;
DAVID LAWRENCE, Individually,
Medical Doctor Uniontown Hospital

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 05-cv-0491
(Honorable Donetta W. Ambrose)

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: April 5, 2007)

---

OPINION OF THE COURT

---

PER CURIAM.

Brett Philip Clark appeals pro se from orders of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. We will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In August 2000, Clark was arrested for driving under the influence ("DUI") and reckless endangerment. During the arrest, Clark sustained abrasions to his head and was taken to the hospital for treatment. Clark was convicted in January 2002, but his Post Conviction Relief Act ("PCRA") petition was successful and he was granted a new trial. The charges were nolle prossed, however, after the Court of Common Pleas granted Clark's pretrial motion to suppress his hospital medical records which had been obtained without a court order or warrant.

In April 2005, Clark filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising out of his arrest and conviction. He

2

named as defendants two police officers who arrested him,[1] prosecutors, a private defense attorney, a public defender, a defense investigator, his PCRA counsel, the emergency room ("ER") doctor who treated him following his arrest, and the witnesses whose car he allegedly hit. The prosecutors, the public defender, and the defense investigator filed a motion to dismiss. Separately, motions to dismiss were filed by Clark's private defense attorney and by his PCRA counsel. A Magistrate Judge recommended that the three motions to dismiss be granted, and further proposed that the witnesses be dismissed because they had not been served and were immune from civil damages. The District Court adopted the Magistrate Judge's Report and Recommendation. Clark appealed on December 30, 2005.

Meanwhile, the police officers filed a motion to dismiss. The Magistrate Judge ordered that motion be converted into one for summary judgment and recommended granting it on the basis that any claims against the police officers were precluded by the settlement agreement. By order entered February 17, 2006, the District Court adopted the Report and Recommendation, and granted the police officers' motion. Shortly thereafter, Clark filed a motion which could be construed as seeking to voluntarily dismiss the ER

---

[1] In January 2002, Clark filed a separate § 1983 action against these police officers, alleging constitutional violations during the August 2000 arrest. The parties eventually settled the matter and executed an agreement releasing the officers from further liability.

doctor, the last remaining defendant. The District Court granted Clark's motion on April 21, 2006.[2]

At the time Clark filed his notice of appeal, the District Court had not yet dismissed the complaint as to the police officers and the ER doctor. However, when a notice of appeal is filed before a final decision has been made but is followed by a final appealable order, the premature notice of appeal is treated as an appeal from the final order in the absence of a showing of prejudice to appellees. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983). As the District Court's February 17, 2006, and April 21, 2006, orders dismissed the complaint as to the remaining parties and closed the case, and as no party has alleged prejudice, the decisions are now appealable and we have jurisdiction to consider the appeal.

Clark's primary argument on appeal is that the Magistrate Judge erred in ruling on the defendants' motions before any discovery had been taken and without providing him with the opportunity to offer additional evidence in support of his claims. We apply an

---

[2] Under Federal Rule of Civil Procedure 41(a)(1), the voluntary dismissal of the doctor was without prejudice. Generally, an order dismissing a complaint without prejudice is not a final or appealable order. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). In this case, however, the statute of limitation on Clark's claims against the doctor (which arose from an allegedly inaccurate medical report prepared in 2000) had already run at the time he moved for voluntary dismissal in 2006. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (stating that Pennsylvania's two-year statute of limitations applies to § 1983 actions). Therefore, this Court has jurisdiction over the appeal. See Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150, 1155 (3d Cir. 1986) (holding that appellate jurisdiction existed over an appeal where claims against last remaining party had been voluntarily dismissed without prejudice because "the . . . statute of limitations had already run as of the time of [the party's] dismissal.").

4

abuse of discretion standard when reviewing the scope and conduct of discovery.  See

Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995).  To determine

whether there was an abuse of discretion in this case, we must examine the basis for the

dismissal of Clark's claims.

Clark alleged that the district attorneys instructed the witnesses to give false

testimony at trial[3] and that a defense investigator failed to convey to the public defender

information collected from Clark while he was in prison.  The Magistrate Judge

concluded that these defendants were entitled to absolute immunity.  We agree.

Prosecutors sued for malicious prosecution under § 1983 enjoy absolute immunity for

their conduct in "initiating a prosecution and in presenting the State's case."  Imbler v.

Pachtman, 424 U.S. 409, 431 (1976).  That immunity extends to the alleged use of "false

testimony in connection with [a] prosecution."  Yarris v. County of Delaware, 465 F.3d

---

[3] Clark also alleged that the witnesses lied during their trial testimony.  The District
Court properly dismissed this claim because the witnesses were absolutely immune from
suit.  See Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001), citing Brisco v. LaHue, 460
U.S. 325, 345-46 (1983) (noting that witnesses, including public officials and private
citizens, are protected by immunity from civil actions based upon their testimony).  To
the extent that the District Court also dismissed the claims against the witnesses on the
basis that service had not been effected within 120 days as required by Federal Rule of
Civil Procedure 4(m), we conclude that the District Court did not abuse its discretion.
See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (stating that
review of dismissal pursuant to Rule 4(m) is for abuse of discretion).  Although Rule
4(m) directs that the dismissal shall be without prejudice, we are satisfied that appellate
jurisdiction exists because the statute of limitations on these claims has now run.  See
Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987) (holding
that a dismissal is final and reviewable when "the statute of limitations on appellant's
cause of action has run").

5

129, 139 (3d Cir. 2006), quoting Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992). In addition, an investigator employed by a public defender is absolutely immune for his investigative assistance in the course of a criminal defense. See Black v. Bayer, 672 F.2d 309, 321 (3d Cir. 1982).

Clark also claimed that he was provided ineffective assistance of counsel by the private attorney who acted as stand-by counsel during his trial, the public defender who represented him on direct appeal, and the court-appointed counsel who filed an amended PCRA petition on his behalf. Public defenders performing the traditional functions of representing an indigent criminal defendant do not act under color of state law and cannot be liable under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Likewise, private attorneys, including those appointed and paid for by the state, do not act under color of state law when performing their function as counsel. Id.; see also Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Because "there is no liability under § 1983 for those not acting under color of law," Clark cannot pass the threshold for bringing a § 1983 action against the attorneys who represented him. Groman v. Township of Manaplan, 47 F.3d 628, 638 (3d Cir. 1995).

With respect to the actions of the police officers, Clark alleges that they failed to get him additional medical attention, searched his vehicle without probable cause, and conspired with the other defendants to obtain his conviction. The Magistrate Judge concluded that Clark was precluded from bringing these claims because, as part of the settlement of a prior action against the same police officers, he had released them from

6

liability arising out of his arrest.  See footnote 1, supra.  Clark does not challenge, and we see no reason to doubt, the validity of the agreement.  See W.B. v. Matula, 67 F.3d 484, 497 (3d Cir. 1995) (stating that where a person allegedly waives civil rights claims, the court must inquire into the totality of the circumstances surrounding the execution of the agreement, and should not enforce the agreement unless its execution was knowing and voluntary).  Clark maintains, however, that the agreement encompassed only his allegation of excessive force, and that he can still pursue claims for illegal search and seizure, unconstitutional conviction, and malicious prosecution.  The agreement states that Clark:

> does forever release, acquit, discharge and covenant to hold harmless [the police officers] . . . of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account [of] or in any way growing out of, any and all known and unknown personal injuries and property damage which [Clark] may now or hereafter have and also all claims or rights of action for damages which [Clark] ha[s] or may hereafter have, resulting or to result from [the August 2000 arrest].

We agree with the Magistrate Judge that this language is broad enough to bar Clark's present claims against the police officers.

Of course, the dismissal of the police officers required the Magistrate Judge to consider the settlement agreement, a matter outside the pleadings.  Accordingly, the police officers' motion to dismiss was converted into one for summary judgment.  See Fed. R. Civ. P. 12(b).  In such situations, a District Court must provide notice to the parties and allow the submission of admissible materials.  See Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).  These requirements were satisfied here.  Although the police

7

officers filed a document labeled "motion to dismiss," they cited the standard of review for summary judgment in the brief.  Less than a week after the motion was filed, on November 28, 2005, the Magistrate Judge ordered Clark to file an appropriate response "including possible affidavits in opposition to the motion."  On December 23, 2005, the Magistrate Judge specifically ordered that the motion to dismiss be converted into a motion for summary judgment and stated that Clark had until January 13, 2006 to submit an appropriate response.  Furthermore, the Magistrate Judge referenced the conversion in the Report and Recommendation.  Despite this clear notice, Clark did not seek further discovery either in his response to the police officers' motion or in his objections to the Report and Recommendation.  Under these circumstances, the absence of discovery prior to the District Court's entry of summary judgment was not an abuse of discretion.  Cf. Couden v. Duffy, 446 F.3d 483, 500 n.12 (3d Cir. 2006) (holding that denial of motion for continuance for further discovery was not an abuse of discretion where plaintiffs did not file an affidavit to support the motion and did not identify the information sought, how it would help their case, or why it had not already been obtained).

We likewise conclude that the District Court did not abuse its discretion in granting the remaining defendants' motions to dismiss prior to discovery.  When reviewing a motion to dismiss under Rule 12(b)(6), the District Court considers whether the plaintiff is entitled to offer evidence to support the allegations in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).  Indeed, the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless

discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). The Magistrate Judge found as a matter of law that the prosecutors, private defense attorney, public defender, defense investigator, PCRA counsel, and witnesses were absolutely immune from suit. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed on those defending a long drawn out lawsuit." Siegert v. Gilley, 500 U.S. 226, 232 (1991); see also Mitchell v. Forsyth, 472 U.S. 511, 525 (1985) (explaining that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action"). The determination whether a defendant is entitled to absolute immunity is a quintessentially legal question, see In re Montgomery County, 215 F.3d 367, 372 (3d Cir. 2000), although the ultimate legal issue can also involve factual questions. See Hamilton v. Leavy, 322 F.3d 776, 783 (3d Cir. 2003). Because we are reviewing the adjudication of a motion to dismiss, where we assume that all of the facts of the complaint are true, the applicability of immunity is rendered a purely legal question. See Hammond v. Kunard, 148 F.3d 692, 695 (7th Cir. 1998); see also Miller v. Gammie, 292 F.3d 982, 987 & n.9 (9th Cir. 2002). Clark has not demonstrated, nor can we easily imagine, how any additional discovery would have been necessary to answer the legal question of whether the defendants were absolutely immune.

For the foregoing reasons, we will affirm the judgment of the District Court.