

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Adegbuji v. Green

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Adegbuji v. Green" (2008). *2008 Decisions.* Paper 1211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1398

_____

TOSIN ADEGBUJI,
Appellant

v.

WARDEN RALPH GREEN; OFFICER BROUGHTON; OFFICER NIEVES;
OFFICER CASTILIO; GLENDA SALLEY; MEDICAL PERSONNEL;
ASST. WARDEN; DOCTOR GARCIA; DR. ZARA

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 03-cv-4495
(Honorable Jose L. Linares)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2008
Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

Filed: May 19, 2008

_____

OPINION OF THE COURT

_____

PER CURIAM.

Appellant Tosin Adegbuji, proceeding pro se, appeals the judgment of the United

States District Court for the District of New Jersey entering summary judgment in favor

of defendants. For the reasons explained herein, we will affirm.

On September 22, 2003, Adegbuji, then an INS detainee at the Hudson County Correctional Center ("HCCC") in Kearney, New Jersey, filed the underlying civil rights complaint.[1] As defendants, he named HCCC Warden Ralph Green, Correctional Officers Castilio, Nieves and Broughton, Social Worker Glenda Salley, an unnamed Assistant Warden, Mail Room Official "Rose", unnamed Medical Personnel, and Drs. Garcia and Zara.[2] In it, he alleged that he was denied access to the law library, deprived of medical care, denied the right to worship and discriminated against on the basis of his religion. He also alleged that his right to privacy was violated, that he was deprived of reading materials in violation of his right to freedom of speech, and that he was transferred to MCACC in retaliation for exercising his constitutional rights. He sought both compensatory and punitive damages.

On May 21, 2004, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the District Court dismissed with prejudice Adegbuji's claims of deprivation of personal property, invasion of privacy, and retaliation as against all defendants, and ordered that the complaint be dismissed with prejudice in its entirety against defendant "Rose". The Court permitted Adegbuji's claims of denial of court access, denial of medical care, and denial of the right to free exercise of religion to

_____

[1]On March 5, 2003, Adegbuji was transferred to the Middlesex County Adult Correction Center ("MCACC"). On February 11, 2005, he was removed to the United Kingdom.

[2]Adegbuji incorrectly identified Dr. Zara as "Dr. Sara".

proceed. Appellees answered and filed cross-claims for contribution and indemnification.

Then, in August and September of 2005, Appellees filed motions for summary judgment.[3]

In an opinion and order entered on March 30, 2006, the District Court entered summary

judgment in favor of all remaining defendants. Adegbuji appealed, but because the

District Court's order had not explicitly addressed Appellees' cross-claims, this Court

dismissed the appeal for lack of appellate jurisdiction. See C.A. No. 06-2058 (Nov. 9,

2006). After the District Court entered an order on January 12, 2007 disposing of all

remaining claims, Adegbuji filed the instant appeal.[4]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's

dismissal order de novo. See Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004). We

exercise plenary review over the District Court's entry of summary judgment, viewing the

underlying facts and all reasonable inferences therefrom in the light most favorable to the

party opposing the summary judgment motion. Pennsylvania Coal Ass'n v. Babbitt, 63

F.3d 231, 235 (3d Cir. 1995).

As pertains to his denial of access to the courts claim, Adegbuji alleged that on

Tuesday, February 18, 2003, and Thursday, February 20, 2003, he was denied access to

---

[3]One motion was filed on behalf of Drs. Garcia and Zara, and the other on behalf of the remaining HCCC defendants.

[4]With the exception of his retaliation claim, Adegbuji does not address the District Court's dismissal order in his informal appeal brief. Accordingly, we discuss only the District Court's entry of summary judgment and its dismissal of his retaliation claim herein.

the law library to weigh and affix postage to a brief due to the BIA by February 20, 2003. He maintains that, as a result of this denial, he lost his appeal from the Immigration Judge's denial of his request for bond. Adegbuji characterizes this as a denial of his right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (holding that states must provide prisoners with adequate law libraries or adequate assistance from persons trained in the law). The District Court held that Adegbuji failed to demonstrate that he suffered an actual injury as a result of the denial, as the BIA did not rely on his failure to file a brief in denying his bond appeal. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that, to state claim for denial of access to courts, litigant must demonstrate that alleged shortcomings in library or legal assistance program hindered his efforts to pursue a particular legal claim).

While we agree that Adegbuji failed to demonstrate an actual injury as defined by Lewis, we also conclude, based on his own submissions, that he was not denied access to legal materials within the meaning of Bounds. Documents submitted by Adegbuji demonstrate that in response to a 2002 request, he was allotted three library sessions: Wednesday afternoons and Friday mornings and afternoons. Adegbuji cites to no caselaw that requires that prisoners be permitted to use the law library on demand. HCCC regulations allow inmates two law library sessions per week and, in fact, Adegbuji was permitted three. He was given three weeks' notice by the BIA that his brief had to be received no later than Wednesday, February 19, 2003. His failure to prepare his brief by

4

and use his allotted library time on Friday, February 14, 2003 does not give rise to a constitutional violation. We therefore conclude that the District Court properly entered summary judgment on this claim.

With respect to his claim that he was denied medical care in violation of the Due Process Clause of the Fourteenth Amendment,[5] Adegbuji claimed that between January 27, 2003 and March 5, 2003, Drs. Zara and Garcia demonstrated deliberate indifference to his serious medical needs by failing to treat him after he was diagnosed with depression and emotional distress. Adegbuji concedes that he was seen by Dr. Zara, who referred him to Dr. Garcia in January 2003. Dr. Garcia diagnosed him with depression and adjustment disorders and prescribed medication for him at that time. However, according to Adegbuji, he never received any of his prescribed medication.

This Court has held that a detainee's due process rights to medical care must be at least as great as the Eighth Amendment protections available to convicted prisoners. See Simmons v. City of Phila., 947 F.2d 1042, 1067 (3d Cir. 1991); Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). To demonstrate a constitutional violation, a detainee must show that a prison official was deliberately indifferent to a serious medical need. See id.; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). There is some dispute as to whether the medical records reflect that Adegbuji ever

---

[5]Because Adegbuji was an INS detainee, his denial of medical care claims fall under the Fourteenth, rather than the Eighth, Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-44 (1983).

received his prescribed medication. Notwithstanding this dispute, the District Court correctly held that there is no evidence in the record reflecting that Drs. Garcia or Zara were aware that Adegbuji was not receiving his prescribed medication. Thus, as the District Court correctly held, they cannot be deemed to have been deliberately indifferent to Adegbuji's serious medical needs. See id.; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (prisoner must demonstrate that prison official knows of and disregards excessive risk to inmate health or safety). Accordingly, we agree that the medical defendants were entitled to summary judgment on this claim.

Next, Adegbuji claimed that on January 7, 2003 and January 9, 2003, his First Amendment right to free exercise of his religion was violated when he was barred from attending church services and bible study class and told that he could only attend one such meeting per week when he had previously been attending four. According to Appellees, the County's policy is to permit all inmates to attend one religious service of their choosing per week. Accordingly, Adegbuji was informed that he had to choose which one he would like to attend. The District Court concluded that this regulation was reasonably related to a legitimate penological interest in the operation of the facility, and that in any event, Adegbuji was not barred from practicing his religion, but merely from attending more than one religious meeting per week. We agree that this does not constitute a constitutional violation. See Turner v. Safley, 482 U.S. 78, 89 (1987) (regulation which affects exercise of constitutional right must be reasonably related to

6

legitimate penological interests); see id. at 90 ("Where 'other avenues' remain available for the exercise of the asserted right, courts should be particularly conscious of the 'measure of judicial deference owed to corrections officials . . . in gauging the validity of the regulation.'").

Finally, Adegbuji contests the District Court's dismissal of his claim that his transfer to MCACC was retaliatory. In order to state a claim for retaliation, Adegbuji must show that: (i) he engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;'" and (iii) there was a causal relationship between the two. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334. We agree with the District Court that Adegbuji failed to state a cognizable retaliation claim, as he has at no time made any allegations that his transfer from HCCC to MCACC is the type of adverse action "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (holding that, in order to state a claim on which relief can be granted, a plaintiff must plead facts sufficient to suggest the required

7

elements of the claim).  While we have held that a district court should not dismiss a complaint without providing the plaintiff with an opportunity to amend, see Phillips, 515 F.3d at 236, the court need not offer a plaintiff leave to amend when amendment would be futile.  See id.  We conclude that amendment in this case would have been futile, as the documents provided by Adegbuji himself demonstrate that his transfer was not motivated by retaliatory motives, but rather, as explained by the District Court, by security and administrative concerns for HCCC staff and for Adegbuji's own protection.  Accordingly, we agree that the District Court properly dismissed this claim.

Having considered all of Adegbuji's arguments,[6] we conclude that they are without merit and, therefore, we will affirm the judgment of the District Court.

---

[6]We note that Adegbuji requested, and was granted, an extension of time in which to file a reply brief, but failed to do so.