Kathleen HOFFERICA

v.

ST. MARY MEDICAL CENTER.

Civil Action No. 10–6026.

United States District Court,
E.D. Pennsylvania.

Nov. 18, 2011.

---

Sidney L. Gold, Brendan Hennessy, Sidney L. Gold & Associates, PC, Philadelphia, PA, for Kathleen Hofferica.

A. James Johnston, Robert J. Toy, Jonathan B. Sprague, Post & Schell PC, Philadelphia, PA, for St. Mary Medical Center.

*MEMORANDUM*

DALZELL, District Judge.

In a September 20, 2011 Memorandum, we considered the motion to dismiss of defendant St. Mary Medical Center ("St. Mary") as to certain of the claims of plaintiff Kathleen Hofferica ("Hofferica"). Hofferica had alleged violations under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*; the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Stat. Ann. § 951, *et seq.*; and the Family and Medical Leave Act (the "FMLA" or the "Act"), 29 U.S.C. § 2601, *et seq.* St. Mary moved to dismiss Hofferica's claims for interference and re-

taliation under the FMLA under Counts II [1] and III of the amended complaint.

Concluding that Hofferica had failed to state a claim for interference under the FMLA based on St. Mary's failure to reinstate her to her position, we granted St. Mary's motion as to Count II of the amended complaint in part. *See Hofferica v. St. Mary Medical Center,* 817 F.Supp.2d 569, 2011 WL 4374555 (E.D.Pa.2011). But we also determined that Hofferica *had* successfully stated a claim for retaliation under the FMLA, and hence denied St. Mary's motion as to Count III.

We were thus left with the remaining component of Count II of Hofferica's amended complaint that St. Mary had challenged, *i.e.,* her claim for interference under the FMLA due to St. Mary's failure to provide notice. We found ourselves in a strange position regarding this claim— Hofferica had first raised the question of this claim's sufficiency in her *response* to St. Mary's motion to dismiss, prompting St. Mary to make its first arguments as to this claim's *in* sufficiency in its *reply.* Because Hofferica had not had the chance to respond to St. Mary's arguments, we gave her time to brief us on the sufficiency of her notice interference claim, though we suggested that, based on our review of the parties' arguments and the law, Hofferica had likely failed to state such a claim under the FMLA.

Hofferica has now briefed us on her notice interference claim, and we have considered her arguments. Since we already reviewed the facts of Hofferica's complaint in our prior Memorandum, *see Hofferica,* 817 F.Supp.2d at 572–74, 2011 WL

4374555, at *2–*4, we will not revisit those facts here, though it bears repeating that Hofferica alleges as to notice under Count II, Pl.'s Am. Compl. ¶ 29, that

> The actions of the Defendant, in (1) failing to sufficiently notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave, [and] (2) failing to sufficiently inform the Plaintiff that she would lose her position if she did not return to work before February of 2009 ... interfered with Plaintiff's rights under the FMLA.

In support of these claims, Hofferica presents only this allegation in her amended complaint: "[v]ia letter dated April 22, 2008, Defendant specifically informed Plaintiff that her leave request was 'approved from February 5, 2008 through February 4, 2009.'" *Id.* ¶ 14.

With these claims in mind, we will proceed to a recitation of the standard applicable to motions to dismiss and then to an evaluation of Hofferica's arguments. Since our consideration of these arguments demonstrates that Hofferica has indeed *not* stated a claim for notice interference under the FMLA, we will dismiss Count II of the amended complaint to the extent it asserts such a claim, though we will permit Hofferica to move to further amend this complaint if she can do so conformably with Fed.R.Civ.P. 11.

## I. *Analysis*

■ As has been well-rehearsed, the test in ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) " 'is whether,

---

**1.** We did not make explicit in our September 20, 2011 Memorandum that Hofferica actually asserted *three* kinds of interference under the FMLA in Count II of her amended complaint: failure to provide individualized notice, failure to respond to her reasonable inquiries, and failure to reinstate her to her prior position or a comparable position. Pl.'s Am. Compl. ¶ 29. Since St. Mary did not challenge the second of these interference claims in its motion to dismiss, Count II of the amended complaint survives St. Mary's motion notwithstanding our analysis in this and the previous Memorandum.

under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' " *Kundratic v. Thomas,* 407 Fed. Appx. 625, 627 (3d Cir.2011) (quoting *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993)) (brackets in original). A plaintiff may not pass this test merely by offering "labels and conclusions" in the complaint, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and it is similarly true that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955—that is, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949. Essentially, a plaintiff must provide "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

In our September 20, 2011 Memorandum, we suggested that Hofferica's notice interference claim under the FMLA was likely insufficient for four reasons: (1) she had failed concretely to allege any deficiencies in the notice St. Mary provided to her, *Hofferica,* 817 F.Supp.2d at 579–80, 2011 WL 4374555, at *9; (2) the prior FMLA regulations did not require St. Mary to give Hofferica the types of notice to which she contended she was entitled, *id.*; (3)

she had not pled that St. Mary failed to provide her with prior notice during the relevant period established by the regulations, *id.* at 580–81, at *10; and (4) she had not pled that she was prejudiced by any failure on St. Mary's part to provide her with notice. *Id.* at 581–82, at *11. In Hofferica's supplemental brief she presents an array of arguments responsive to each of these points. We will consider them in turn.

### A. *The Concreteness of Hofferica's Factual Allegations*

■ With respect to her allegations, we explained in our prior Memorandum that "Hofferica has not alleged facts in her complaint to support some of the deficiencies with St. Mary's notice that she asserts, and supports other asserted deficiencies only with conclusory allegations." *Id.* at 579, at *9. While noting "the difficulty a plaintiff may have in alleging concrete facts that suggest a defendant did not do something," we observed that Hofferica "proffers almost no detail as to those communications [received from St. Mary]," so that we could have "little confidence that 'discovery will reveal evidence of the necessary element.'" *Id.* (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008)). In response, Hofferica now proffers two arguments: (1) "Plaintiff needs further discovery of her personnel file and other discovery in relation to these claims, especially the claim that the Defendant failed to provide her appropriate notice of the consequences of not returning to work before exhausting her FMLA leave,"[2] Pl.'s Supplemental Br. ("Pl.'s Br.")

---

**2.** Hofferica notes that she "does not allege in the Complaint that she exhausted her FMLA [leave] or that Defendant's calculations are accurate and she does not presently concede that she actually exhausted her FMLA. On the contrary, Plaintiff seeks discovery on this issue." Pl.'s Br. at 2 n. 1. In order to state a claim for notice interference under the FMLA,

a plaintiff must "establish that this failure to advise [of his rights under the FMLA] rendered him unable to exercise that right in a meaningful way, thereby causing injury." *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 143 (3d Cir.2004). Ordinarily, a plaintiff claiming notice interference under the FMLA alleges that due to her employer's

818

at 2; and (2) any failure on Hofferica's part to allege concretely a lack of notice "can be directly attributed to the Defendant's persistent failure to contact Plaintiff Hofferica." *Id.* at 3.

We find neither of these arguments persuasive. Hofferica's first argument appears to misapprehend the relationship between motions to dismiss and discovery. As our Court of Appeals explained in *Clark v. Vernon,* 228 Fed.Appx. 128, 132–33 (3d Cir.2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)) (brackets and internal quotations omitted), "[w]hen reviewing a motion to dismiss under Rule 12(b)(6), the District Court considers whether the plaintiff is entitled to offer evidence to support the allegations in the complaint. Indeed, the purpose of Rule 12(b)(6) is to 'streamline litigation by dispensing with needless discovery and fact-finding.' " As a consequence, *Clark* "conclud[ed] that the District Court did not abuse its discretion in granting the remaining defendants' motions to dismiss prior to discovery." *Id.* at 132. Hofferica cannot justify her failure to state a claim of notice interference under the FMLA by asserting the need to first engage in discovery.

Hofferica's second argument seems to us to be a *non sequitur.* We do not understand how St. Mary's failure to contact Hofferica could prevent her from now alleging concrete facts in support of her claim of inadequate notice. In the end, Hofferica has presented no facts in her complaint that "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Instead, she merely identifies a single communication from St. Mary (without making any allegation as to whether this communication contained the requisite notice) and offers the legal conclusions that St. Mary "(1) fail[ed] to sufficiently notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave, [and] (2) fail[ed] to sufficiently inform the Plaintiff that she would lose her position if she did not return to work before February of 2009." Pl.'s Am. Compl. ¶ 29. We must ignore the latter statements as the type of "conclusory statements" that *Iqbal* warns against. 129 S.Ct. at 1940. As for Hofferica's allegation that St. Mary "informed Plaintiff that her leave request was 'approved from February 5, 2008 through February 4, 2009,'" Pl.'s Am. Compl. ¶ 14, this assertion engenders no "reasonable

failure to advise her of her rights, her FMLA leave expired or she failed to comply with her obligations under the FMLA, and she was consequently denied reinstatement to her position-but that she would have complied with her obligations and returned to her position prior to the leave's expiration had she been properly advised of such rights. If Hofferica is unwilling to concede that she exhausted her FMLA leave, it is unclear how *any* alleged failure to notify on St. Mary's part could interfere with her exercise of her rights. Instead, it would appear that Hofferica should assert the claim that St. Mary failed to reinstate her to her position in contravention of the FMLA, even though she attempted to return prior to the expiration of her leave and otherwise complied with her obligations un-

der the FMLA. In our September 20, 2011 Memorandum we explained that Hofferica failed to state a claim for reinstatement interference because she did "not allege in her complaint that she had [FMLA] leave remaining." *Hofferica,* 817 F.Supp.2d at 577, 2011 WL 4374555, at *7. Hofferica could allege in support of her notice interference claim that her FMLA leave expired, or that her leave did not expire in support of her reinstatement interference claim. Hofferica could even allege both facts in support of both claims, *see Langer v. Monarch Life Ins. Co.,* 966 F.2d 786, 803 (3d Cir.1992) ("A party may certainly allege inconsistent facts in its pleadings"), but she may not simply avoid making any allegation at all as to the expiration of her FMLA leave.

expectation that discovery will reveal evidence" that St. Mary failed to provide Hofferica with adequate individualized notice. *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. As a result, Hofferica has failed to state a claim of notice interference under the FMLA.

The Supreme Court warned in *Twombly* that unless claims "shy of a plausible entitlement to relief" are weeded out prior to discovery, "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." *Id.* at 559, 127 S.Ct. 1955. With this danger in mind, we cannot permit a plaintiff to proceed to discovery when she attempts to allege the insufficient notice element of an FMLA notice interference claim merely by quoting the relevant language from the applicable regulations or presenting similarly generalized allegations of wrongdoing. Obliging a plaintiff to provide *some* concrete allegations in support of an insufficient notice claim does not, however, impose any heightened pleading requirement upon FMLA plaintiffs. In Hofferica's supplemental brief, Pl.'s Br. at 3 (emphasis in original), she explains that

> The only communication that Plaintiff Hofferica admittedly received is a letter from Melissa Diaz, Benefits Coordinator dated April 22, 2008. This letter, however, fails to provide sufficient individualized notice under the FMLA because it does not supply: (1) an accurate description of the extent of Plaintiff Hofferica's leave, (2) *the consequences of not returning to work* before exhausting her benefits, and (3) the preconditions for returning to work.

While the defects in notice that Hofferica identifies here do not actually transgress FMLA's requirements—as we will explain in the following section—this is precisely the *type* of factual allegation that an

FMLA plaintiff might present to state a viable claim for notice interference.

Alternatively, a plaintiff could allege that her employer furnished her with *no* communications whatsoever regarding FMLA leave or that she received her only communications on this topic more than six months before she gave notice of her need for FMLA leave—a point to which we will return in Section I.C below. This list, moreover, does not exhaust the ways in which a plaintiff can state a notice interference claim. All that is important is that a plaintiff present "concrete allegations," *Twombly*, 550 U.S. at 562, 127 S.Ct. 1955, that "render [her] entitlement to relief plausible." *Id.* at 569 n. 14, 127 S.Ct. 1955. Because Hofferica failed to do so, however, we must dismiss Count II of her amended complaint to the extent it asserts a claim for notice interference under the FMLA.

#### B. *The FMLA's Notice Requirements*

█ Even if Hofferica had presented concrete allegations in support of her notice interference claims, most of her claims would nonetheless fail because St. Mary had no obligation under the FMLA regulations to furnish Hofferica with some of the types of notice to which she believes she was entitled.

We noted in our previous Memorandum that "we ha[d] discovered no provision in the prior regulations requiring that an employer notify an employee of the duration of his or her unused FMLA leave, explain the conditions under which the employee may return to his or her position, or warn the employee that upon expiration of his or her FMLA leave the employee loses the entitlement to be reinstated." *Hofferica*, 817 F.Supp.2d at 580, 2011 WL 4374555, at *9. In Hofferica's supplemental brief, she responds that "[t]he regulations prior to amendments and the Third Circuit case law require the type of notice which was

not provided, especially regarding the consequences of not returning before the exhaustion of FMLA," Pl.'s Br. at 5, and cites *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135 (3d Cir.2004), and 29 C.F.R. 825.301(b)(1)(vii) (2008) in support.

We begin by recalling that in Hofferica's amended complaint she identified only two ways in which St. Mary allegedly failed to provide her with adequate notice: "(1) failing to sufficiently notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave, [and] (2) failing to sufficiently inform the Plaintiff that she would lose her position if she did not return to work before February of 2009." Pl.'s Am. Compl. ¶ 29. In her response to St. Mary's motion to dismiss, Hofferica added three more forms of allegedly insufficient notice, averring that "[i]n its letter sent to the Plaintiff dated April 22, 2008, the Defendant failed to provide vital information, including but not limited to: an accurate description of the extent of her leave ... the preconditions for returning to work, and whether she was required to furnish medical documentation prior to returning to work." Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 11. Although Hofferica's failure to include these allegations in her amended complaint meant that she had failed to state those claims, in the interest of thoroughness we considered those claims' potential validity in our September 20, 2011 Memorandum.

Hofferica now reiterates that St. Mary's April 22, 2008 letter did "not supply: (1) an accurate description of the extent of Plaintiff Hofferica's leave, (2) *the consequences of not returning to work* before

exhausting her benefits, and (3) the preconditions for returning to work." Pl.'s Br. at 3 (emphasis in original). Hofferica has thus apparently abandoned her claim that St. Mary owed her an explanation of whether she was required to furnish medical documentation before returning to work. Of the four remaining types of allegedly inadequate notice that Hofferica identifies, one—St. Mary's obligation to "notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave," Pl.'s Am. Compl. ¶ 29—was codified in the FMLA regulations applicable at the time Hofferica took her leave. *See* 29 C.F.R. § 825.301(b)(1)(v) (2008). Had Hofferica alleged concrete facts in support of the claim that St. Mary failed to provide her with this notice as the regulations require, and alleged that she suffered prejudice from this failure, *see* Section I.D, *infra,* she would have succeeded in stating a claim under the FMLA on this basis.

But St. Mary was under no obligation to provide Hofferica with the three remaining types of notice—namely, (1) the extent of her leave, (2) any preconditions for returning to work, and (3) the possibility that she might lose her position if she did not return to work before her FMLA leave expired—that she identifies. As we noted in our previous Memorandum, § 825.301(b)(1) (2008) enumerated the types of notice than an FMLA-covered employer must provide to an employee taking leave. This list did not at the time oblige employers to notify employees of the extent of their leave [3] or any preconditions for returning to work.[4] Though Hof-

---

**3.** As we explained in our previous Memorandum, this appears to have changed under the new regulations that became effective on January 15, 2009. *See* 29 C.F.R. § 825.300(d)(6) (2011) (An "employer must notify the employ-

ee of the amount of leave counted against the employee's FMLA leave entitlement.").

**4.** The prior regulations did require an employer to notify an employee of "any requirements for the employee to furnish medical

ferica flatly asserts that "regulations prior to amendments and the Third Circuit case law require the type of notice which was not provided," Pl.'s Br. at 5, she presents no reasoning or citations in support of this claim as to such types of notice.

Hofferica focuses her rhetorical firepower on the assertion that St. Mary was obliged to notify her "regarding the consequences of not returning before the exhaustion of FMLA." *Id.* at 5. In support of this assertion, she points to language from *Conoshenti* quoting the applicable FMLA regulations: "[a]s *Conoshenti* makes clear, an employer *must* inform an employee about their 'right to restoration [to] the same [or an] equivalent job upon return from leave' and inform them of the 'specific expectations and obligations of the employee and *explaining any consequences of a failure to meet these obligations.*'" *Id.* at 6 (in turn quoting 364 F.3d at 142 (quoting § 825.301(b)(1), (b)(1)(vii) (2008))) (emphasis in original).

Neither *Conoshenti* nor the previously-applicable regulations suggests that an employer must inform an employee "that she would be terminated if she did not return to work" prior to the expiration of her FMLA leave. *Id.* An employer's obligation to inform an employee that she may be *restored* to the same or an equivalent position if she returns to work *before* the expiration of her leave does not create a complementary obligation to inform an employee that she may *lose* her position if she *fails* to do so. As for the "specific expectations and obligations of the employee" described in § 825.301(b)(1), these unambiguously refer to the requirements enumerated in the succeeding provisions and

as described in footnote 3, above. An employee's obligation—if she seeks to retain her position—to return to work upon the expiration of her FMLA leave is not some exotic requirement that the FMLA, or an employer's FMLA policies, impose upon an employee and of which the employee hence must be specifically apprised. Rather, it is an ordinary feature of the working world that employees who wish to remain employed should report to work unless their employers have excused their attendance (as the FMLA, under certain circumstances, requires that they do). Hofferica had no right under the FMLA to be informed of this obvious fact of work life. Because four of the five types of alleged inadequate notice that Hofferica identified in her amended complaint and response were not actually FMLA-required, we will dismiss Count II to the extent it predicates a claim of notice interference upon St. Mary's failure to give Hofferica these types of notice.

## C. *Prior Notice Under the FMLA*

■ In our prior Memorandum we observed—regarding the time during which the FMLA required St. Mary to provide Hofferica with fresh notice—that "Hofferica has not alleged facts that suggest St. Mary was obligated to provide Hofferica with any notice *at the time in question.*" *Hofferica,* 817 F.Supp.2d at 580, 2011 WL 4374555, at *10 (emphasis in original). In response, Hofferica suggests that "at this early stage in the proceedings, Plaintiff Hofferica can not be expected to know which method of calculation for the six month period the Defendant employs." Pl.'s Br. at 7.

---

certification of a serious health condition," "any requirement for the employee to make any premium payments to maintain health benefits," and "any requirement for the employee to present a fitness-for-duty certificate

to be restored to employment." 29 C.F.R. § 825.301(b)(1)(ii), (iv), & (v) (2008). Hofferica does not allege these obligations applied to her.

822

Our earlier observation was prompted by 29 C.F.R. § 825.301(c) (2008), which obliged employers to provide employees with notice of expectations and obligations "no less often than the first time in each six-month period that an employee gives notice of the need for FMLA leave (if FMLA leave is taken during the six-month period)." We suggested that to state a notice interference claim a plaintiff must allege that her employer "either chose one of the methods described in § 825.200(b) for calculating twelve-month periods—and hence a method for calculating six-month periods—or failed to make such a choice, so that § 825.200(e) determined the method used." *Hofferica*, 817 F.Supp.2d at 581, 2011 WL 4374555, at *10.

Upon further reflection we recognize that, strictly speaking, a plaintiff need not plead her employer's choice of calculation methods in order to state a notice interference claim. If the plaintiff can simply allege that the employer provided her with no notice of expectations and obligations during the six months prior to her giving notice of the need for FMLA leave, and also failed to give notice within a reasonable time after the plaintiff's notice, the plaintiff can allege that the employer failed to satisfy § 825.301(c) (2008). But if a plaintiff cannot make such an allegation— *i.e.*, if her employer *did* provide her with notice of expectations and obligations within six months of the employee's notice of need to take leave—then a plaintiff must plead the employer's choice of calculation methods under § 825.200(b) to state a claim for notice interference. If a plaintiff cannot so plead, a court cannot conclude that she has plausibly stated a claim for relief. Here, Hofferica neither alleged that St. Mary failed to provide her with the requisite notice within the six months preceding her own notice of need to take leave, nor alleged that St. Mary had chosen one of the calculation methods and

then failed to provide notice on a prior occasion during the applicable six-month period. As a consequence, she has not stated a claim for notice interference.

### D. *Pleading Prejudice Under the FMLA*

■ Finally, we explained in our earlier Memorandum that "even if we were to accept that St. Mary failed to provide the individualized notice the FMLA required, Hofferica has not alleged that she was prejudiced by this failure." *Id.*, at 581, at *11. Hofferica responds to this point in her supplemental brief with four counter-arguments: (1) "prejudice is more appropriately considered a burden of proof," Pl.'s Br. at 8, and "whether or not Plaintiff Hofferica was prejudiced by the Defendant's failure to notify is a factual issue that is more appropriately explored through discovery," *id.*; (2) "the focus of the insufficient notification claim should rest upon the insufficiency in the notification itself," *id.* at 8–9; (3) "[a]ny failure to specifically plead prejudice is harmless (and/or academic) as the Complaint specifically pleads damages as [a] result of the notice deficiencies and therefore essentially pleaded prejudice," *id.* at 2; and (4) "it is reasonable to infer that Plaintiff Hofferica relied upon the leave time defined in the [April 22, 2008] letter," *id.* at 4, and "the inference of the allegations is that, had Defendant provided proper notice or interacted with [Hofferica] in the days before she exhausted FMLA benefits, Plaintiff would have sought medical clearance to return to work before she was terminated." *Id.* at 2.

We begin with Hofferica's first counter-argument, which appears to rest on the distinction between pleading the elements of a claim and carrying the burden of proof as to those elements. In our earlier Memorandum, we explained at *Hofferica*, 817

F.Supp.2d at 581, 2011 WL 4374555, at *11 that

> It is well-settled in this Circuit that a plaintiff may only "show an interference with his right to leave under the FMLA, within the meaning of 29 U.S.C. § 2615(a)(1), if he is able to establish that this failure to advise [of his rights under the FMLA] rendered him unable to exercise that right in a meaningful way, thereby causing injury." *Conoshenti*, 364 F.3d at 143; see *also Fogleman v. Greater Hazleton Health Alliance*, 122 Fed.Appx. 581, 587 (3d Cir. 2004) ("*Conoshenti* held that an employer's failure to advise could constitute a violation of one's FMLA rights, but only if the employee could show resulting prejudice.").

Hofferica notes that both *Conoshenti* and *Fogleman* "arose upon either a Motion for Summary Judgment or Post–Trial Motion," and contends that "none of these cases stand for the proposition that a plaintiff must *plead* prejudice." Pl.'s Br. at 8 (emphasis in original).

■ We cannot agree. It is true that a plaintiff need not present *evidence* in support of her factual allegations at the motion to dismiss stage. But as our Court of Appeals explained in *Adegbuji v. Green*, 280 Fed.Appx. 144, 148 (3d Cir.2008) (summarizing *Phillips*, 515 F.3d at 234), "in order to state a claim on which relief can be granted, a plaintiff must plead facts sufficient to suggest the required elements of the claim." We reject Hofferica's suggestion that there are elements of a claim as to which a plaintiff may have the ultimate burden of proof but which the plaintiff need not adequately plead in her complaint. If Hofferica cannot plead the elements of a notice interference claim under the FMLA—including prejudice, a readily known fact to employee-plaintiffs—she is not entitled to conduct discovery and later to attempt to carry her burden of proof regarding those elements.

■ As for Hofferica's second counter-argument-that a notice interference claim should focus upon the sufficiency of the notification itself—we observe that she supports this argument with *Sisk v. Picture People, Inc.*, 2009 WL 879687 (E.D.Mo.2009), an unreported district court opinion from the Eighth Circuit addressing detrimental reliance in the context of an equitable estoppel claim. This constitutes a rather weak reed. Even if we considered this opinion to have some persuasive authority regarding the prejudice element of a notice interference claim under the FMLA,[5] *Sisk* itself noted that " '[t]he principle of equitable estoppel declares that a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny the representation.' " *Id.* at *2 (quoting *Duty v. Norton–Alcoa Proppants*, 293 F.3d 481, 493–94 (8th Cir.2002)) (brackets omitted). Hofferica's chosen authority thus recognizes that to advance an equitable estoppel claim—just as for a notice interference claim—a party must show reliance to her detriment or prejudice.

Hofferica's third argument makes no sense. A plaintiff cannot allege that an employer's "failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury," *Conosh-*

---

5. Hofferica correctly notes that in our prior Memorandum we observed that " '[r]escuing an FMLA reinstatement interference claim by means of an equitable estoppel theory requires similar factual allegations as those needed to state an FMLA notice interference claim.' " Pl.'s Br. at 9 n. 2 (quoting *Hofferica*, 817 F.Supp.2d at 583, 2011 WL 4374555, at *12).

*enti*, 364 F.3d at 143, merely by claiming damages for such a perceived wrong.

Lastly, Hofferica's fourth argument—that we should infer from her complaint that she would have returned to work but for St. Mary's insufficient notice—is unavailing. To begin, Hofferica supports this claim in part by quoting *Peters v. Gilead Sciences, Inc.*, 2006 WL 2054373 (S.D.Ind. 2006) (Tinder, J.) ("*Peters I*"), another unreported extra-circuit district court decision. In a later decision, *Peters v. Gilead Sciences, Inc.*, 2006 WL 3365666 (S.D.Ind. 2006) ("*Peters II*"), Judge Tinder granted a motion for reconsideration as to *Peters I*. *Peters II* was then reversed in *Peters v. Gilead Sciences, Inc.*, 533 F.3d 594 (7th Cir.2008). It risks understatement to suggest that *Peters I* should not be regarded as persuasive law in this Circuit.

More importantly, we cannot infer from Hofferica's amended complaint that she could have returned to work but for St. Mary's failure to provide the notice that she identifies. While we are to " 'give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom' " in ruling on a motion to dismiss, *Ordonez v. Yost*, 289 Fed.Appx. 553, 554 (3d Cir.2008) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993)), our Court of Appeals has distinguished between "reasonable inferences" and "speculation." *See, e.g., Fragale & Sons Beverage Co. v. Dill*, 760 F.2d 469, 474 (3d Cir.1985). Since Hofferica has provided no allegations in her complaint as to her physical capacity to return to work prior to the expiration of her FMLA leave, we cannot draw the "inferences" she suggests without engaging in precisely such impermissible speculation. Because Hofferica failed to adequately plead prejudice resulting from any failure by St. Mary to provide proper notice, her claim for FMLA notice interference under Count II of the complaint will be dismissed.

### *ORDER*

AND NOW, this 18th day of November, 2011, upon consideration of plaintiff Kathleen Hofferica's amended complaint (docket entry # 10), defendant St. Mary Medical Center's motion to dismiss the amended complaint in part (docket entry # 12), plaintiff's response in opposition to defendant's motion (docket entry # 13), defendant's reply in support of its motion (docket entry # 16), our September 20, 2011 Memorandum (docket entry # 18), and plaintiff's supplemental memorandum in opposition to defendant's motion (docket entry # 19), and in accordance with the accompanying Memorandum, it is hereby ORDERED that:

1. Defendant's motion to dismiss the amended complaint in part (docket entry # 12) is GRANTED IN PART;

2. Count II of the amended complaint is DISMISSED insofar as it asserts claims for interference with plaintiff's right to notice under the Family Medical Leave Act; and

3. Plaintiff is GRANTED LEAVE to FILE any motion to amend the complaint if she can do so conformably with Fed. R.Civ.P. 11 and by December 9, 2012.