**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4627
_____

ANDREW KUNDRATIC,

Appellant

v.

GARY THOMAS, ANTHONY LUMBIS, TINA GARTLEY, C.J. BUFFALINO,
MICHAEL A. SHUCOSKY, ARTHUR F. SILVERBLATT, HAROLD EHRET
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-12-cv-00017)
District Judge:  Hon. Richard P. Conaboy

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2014

Before:  RENDELL, CHAGARES, and JORDAN, Circuit Judges.

(Filed: July 11, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Plaintiff Andrew Kundratic appeals the District Court's November 26, 2013 order

granting summary judgment to defendants Gary Thomas, Tina Gartley, Arthur

Silverblatt, and Anthony Lumbis.[1]  For the reasons that follow, we will affirm the order of the District Court.

## I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition.  This case stems from a 2006 divorce action filed by Kundratic against his former spouse, Sophia Kundratic, in the Luzerne County Court of Common Pleas. The divorce proceeding was protracted and highly contentions, and involved arguments over property distribution, Mrs. Kundratic's entitlement to alimony pendente lite, and custody of the Kundratics' then-minor daughter, Brittany Kundratic.  While the divorce proceeding was ongoing, Kundratic filed a federal civil rights lawsuit against his wife and defendant Thomas, who, at the time, were romantically involved.  Kundratic filed suit under 42 U.S.C. § 1983, alleging that Thomas, a Pennsylvania State Trooper, abused his official authority by causing agents of the Rice Township Police Department to prosecute Kundratic for assault and harassment and causing the magistrate who presided over the

---

[1] We note that there is some confusion as to which orders Kundratic appeals here.  In his notice of appeal, Kundratic lists four orders:  (1) a May 14, 2012 order granting motions to dismiss filed by defendants C.J. Bufalino and Michael Shucosky; (2) a June 14, 2012 order granting in part and denying in part Kundratic's motion for joinder of additional defendants; (3) a November 5, 2012 order denying defendant Thomas's motion to dismiss; and (4) the November 26, 2013 summary judgment order.  Kundratic's brief, however, contains no significant substantive arguments relating to any orders other than the November 26, 2013 order, and, accordingly, he has waived his ability to challenge the other three orders listed in the Notice of Appeal.  See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004) ("We have held on numerous occasions that '[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.'" (quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994))).

case to set an unreasonably high bail. The District Court dismissed the case, finding that, even assuming Thomas had done all of the things Kundratic alleged, none of Thomas's actions were performed under color of state law, but rather were performed for purely personal reasons. See Kundratic v. Thomas, No. 3:08-cv-1652, ECF No. 16 (M.D. Pa. July 2, 2009). This Court upheld the District Court's holding. See Kundratic v. Thomas, 407 F. App'x 625 (3d Cir. 2011).

Kundratic subsequently filed the instant suit, alleging that the defendants deprived him of his First and Fourteenth Amendment rights. Kundratic claimed that, in his divorce proceedings, Thomas influenced and conspired with Kundratic's lawyers (defendants Lumbis and Silverblatt), Mrs. Kundratic's lawyer (defendant Gartley), the divorce master overseeing the case (defendant Bufalino), the court-appointed guardian ad litem for his minor daughter (defendant Shucosky), and others to violate his First and Fourteenth Amendment rights. The District Court dismissed the claims against defendants Bufalino and Shucosky on May 14, 2012, finding that they were shielded from suit by the doctrine of absolute judicial immunity. On November 26, 2013, the District Court granted summary judgment to defendants Thomas, Gartley, Lumbis, and Silverblatt, finding that there was no evidence that Thomas abused his status as a policeman to deprive Kundratic of a constitutionally protected right, so he was not acting under color of state law and could not be held liable under 42 U.S.C. § 1983. Because Thomas was the only defendant who could possibly be characterized as a "state actor" due to his status as a state policeman and the court found that he was acting for purely personal reasons, the

3

District Court granted summary judgment to all remaining defendants.  Kundratic timely appealed.

## II.[2]

"We review the District Court's disposition of a summary judgment motion de novo, applying the same standard as the District Court."  Doe v. Luzerne Cnty., 660 F.3d 169, 174 (3d Cir. 2011).  The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law."  Luzerne Cnty., 660 F.3d at 175 (citations omitted).  All reasonable inferences must be drawn in the light most favorable to the nonmoving party.  Id. at 174.[3]

## III.

Kundratic alleges a broad conspiracy among the defendants to violate his First and Fourteenth Amendment rights as "state actors" under 42 U.S.C. § 1983.  Section 1983 provides a private right of action for any person whose constitutional rights are deprived by state officials acting under the color of state law.  "'The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Kundratic asserts that the District Court applied the wrong standard of review.  We do not find this argument persuasive, as the District Court described the summary judgment standard at length and applied it properly, drawing all inferences in Kundratic's favor and finding no genuine dispute as to any material fact.

4

clothed with the authority of state law.'" Barna v. City of Perth Amboy, 42 F.3d 809,

815-16 (3d Cir. 1994) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (quotation marks

omitted)).  "Accordingly, acts of a state or local employee in her official capacity will

generally be found to have occurred under color of state law." Id. at 816.  In addition,

individuals who are "possessed of state authority and purport[] to act under that

authority," such as off-duty police officers, are generally state actors. Griffin v.

Maryland, 378 U.S. 130, 135 (1964).  "Manifestations of such pretended authority may

include flashing a badge, identifying oneself as a police officer, placing an individual

under arrest, or intervening in a dispute involving others pursuant to a duty imposed by

police department regulations." Barna, 42 F.3d at 816.  However, "a police officer's

purely private acts which are not furthered by any actual or purported state authority are

not acts under color of state law." Id.

A person not employed by the state may still be appropriately characterized as a

"state actor" if "he is a willful participant in joint activity with the State or its agents."

Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (quotation marks omitted).  None

of the defendants other than Thomas are employed by the state.[4]  Accordingly, in order to

state a viable claim against any of the defendants, Kundratic must demonstrate that

_____

[4] Defendant Gartley, who served as Mrs. Kundratic's attorney in the divorce proceedings, became a Court of Common Pleas Judge in Luzerne County in January 2010.  Kundratic asserts that she continued her involvement in the case even after her election as judge. However, with regard to state action, Kundratic argues only that Thomas was a state actor and that Gartley conspired with him, and has not produced any evidence that would indicate that Gartley abused her authority as a judge to deprive him of his constitutional rights.

Thomas abused his status as a policeman to deprive Kundratic of some constitutionally protected right.

Kundratic generally argues that Thomas engaged in a "course of menacing and threatening behavior, all through the manipulation of his position as a state police officer." Kundratic Br. 15. Specifically, Kundratic alleges that Thomas destroyed property, removed items from the home Kundratic had previously shared with his wife, illegally broke into a safe in the home, walked around the home in boxer shorts in front of Brittany Kundratic, made statements in an online blog towards Kundratic in which he referenced his status as a police officer, and interfered with Kundratic's relationship with his daughter.[5] Even assuming all of these allegations are true, there is no evidence that Thomas engaged in any of this behavior under color of state law or in his official capacity. Rather, the record reflects that Thomas took these actions for purely private reasons, and this is insufficient to satisfy the "state actor" requirement for liability pursuant to 42 U.S.C. § 1983. See Kach v. Hose, 589 F.3d 626, 649 (3d Cir. 2009) (holding that because the record "leaves no room for doubt that [defendant] was bent on a singularly personal frolic," his conduct was "not cognizable as state action for § 1983 purposes" (quotation marks omitted)).

---

[5] Kundratic also alleges that Thomas "provided Sophia [Kundratic] with a license number, which upon information; he could not have procured without utilizing the powers of his office." Kundratic Br. 26. Even assuming this is true, Kundratic fails to explain how this action deprived him of any constitutional rights.

The only allegation that contains even a remote connection to Thomas's status as a police officer is Kundratic's allegation that Thomas posted the following statement on an internet blog, using the pseudonym New Home Owner:

> It is obvious that if you own a half a million dollar home you had an expensive lawyer yet you claim to be the victim of a false PFA. Sounds like someone is a wife and child beater. It seems that you would be happy if the hitman got to this officer.

Appendix ("App.") 439. While Thomas does reference himself as "this officer" in the post, the reference was not made in conjunction with an effort to invoke police authority over Kundratic, or pursuant to any police business. Rather, the blog post was a "purely private" act which was "not furthered by any actual or purported state authority." Barna, 42 F.3d at 816. An oblique reference to "this officer" on a blog post regarding a personal matter is "simply not enough to color [a] clearly personal family dispute with the imprimatur of state authority." Id. at 818.[6]

---

[6] Kundratic also argues that the District Court erred in relying upon the doctrine of issue preclusion with regard to the findings made in the dismissal of his first suit. He asserts that this was inappropriate because the "legal causes were different." Kundratic Br. 21. We note that the District Court did rely on issue preclusion in the November 5, 2012 order denying Thomas's motion to dismiss, specifically with regard to the District Court's findings, upheld by this Court, that the actions taken by Thomas before July 2, 2009, the date Kundratic's first suit was dismissed, could not be considered "state action" for purposes of a claim under 42 U.S.C. § 1983. The November 26, 2013 order contains a passing reference to that holding, although it seems to have mistakenly referred to the doctrine of res judicata rather than issue preclusion.

In any event, Kundratic's criticism has no merit. The doctrine of issue preclusion "may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted has had a full and fair opportunity to litigate the issue in question." Bd. of Trs. of Trucking Emps. of North Jersey Welfare Fund, Inc. – Pension

Although the lack of state action here is sufficient reason to dismiss Kundratic's 42 U.S.C. § 1983 claim, we also note that the record is devoid of any evidence of the broad conspiracy Kundratic alleges existed among the defendants.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).  Identity of legal causes of action is not required.  Here, Kundratic sued Thomas again after his first federal case was dismissed, arguing for a second time that Thomas abused his authority as a state police officer in depriving Kundratic of constitutional rights.  To the extent the District Court here relied upon the findings of the court in the prior case regarding actions that had occurred before July 2, 2009, use of the doctrine of issue preclusion was proper, as Kundratic had a full and fair opportunity to demonstrate that those actions qualified as "state actions," and the District Court rejected his arguments and dismissed the case, which dismissal we affirmed.