**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3322
_____

ANDREW KUNDRATIC,
                                               Appellant
v.

TINA POLACHEK-GARTLEY; ANTHONY LUMBIS; GARY THOMAS; C. J.
BUFALINO; MICHAEL A. SHUCOSKY; SOPHIA THOMAS; ARTHUR F.
SILVERBLATT; GARY MICHAK; MARIE ESKRIDGE; DISTRICT ATTORNEY
LUZERNE COUNTY; PENNSYLVANIA STATE POLICE INTERNAL AFFAIRS;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
PENNSYLVANIA DISCIPLINARY BOARD; JOHN/JANE DOES 1 5
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-01239)
District Judge Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2016

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: March 17, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Andrew Kundratic appeals from the judgment of the United States District Court for the Middle District of Pennsylvania denying him leave to proceed *in forma pauperis* because his complaint is frivolous. We will summarily vacate and remand to the District Court for further proceedings.

I.

Kundratic initiated this action in 2015 by filing a 53-page complaint against his ex-wife, in addition to various law enforcement and attorney Defendants, alleging that they deprived him of various constitutional rights in connection with his divorce and subsequent custody and financial resolutions. The gravamen of Kundratic's complaint is that Defendant Gary Thomas, a Pennsylvania State Police Detective, began an affair with Kundratic's ex-wife and then "worked together [with other Defendants] to commit crimes and perform fraud upon the courts to steal all the assets and financially take the plaintiff broke with their malicious and deceitfully planned scheme." Along with his complaint, Kundratic filed a motion to proceed IFP.

On August 28, 2015, the District Court denied Kundratic's motion to proceed IFP, noting that he previously filed two substantially similar actions in the same district. The District Court dismissed both, and in each case this Court affirmed. In the instant action, the District Court observed that Kundratic adds new parties and allegations, but concluded that his complaint is "simply a re-packaging of allegations and theories found wanting in Kundratic's previous lawsuits." Kundratic filed a timely notice of appeal from this order on September 23, 2015.

II.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's denial of leave to proceed IFP for abuse of discretion. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

We conclude that the District Court abused its discretion here. In this Circuit, leave to proceed IFP generally turns solely on indigence, and if the plaintiff is unable to pay the filing fee, leave to proceed IFP should be granted. Id. at 1084 n.5. If a district court grants IFP status, it must then decide whether to dismiss the complaint as frivolous or malicious. Id. The District Court may not, however, deny leave to proceed IFP on the basis of non-financial considerations such as the merits of the plaintiff's complaint, as it did here. See Sinwell v. Shapp, 536 F.2d 15, 18-19 (3d Cir. 1976).

Accordingly, we will summarily vacate the District Court's order denying Kundratic's leave to proceed IFP and direct the District Court to decide, on remand, whether Kundratic's IFP motion should be granted on financial grounds alone. If the Court grants Kundratic's motion, it should dismiss his complaint as frivolous or malicious.[1]

---

[1] We agree with the District Court's assessment of the merits of Kundratic's complaint. Kundratic's theory of state action – the involvement of Gary Thomas – is an "indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). In Kundratic v. Thomas, 573 F. App'x 167, 171 (3d Cir. 2014), we affirmed the District Court's award of summary judgment against Kundratic in a nearly identical suit, finding no state action. Kundratic's complaint may also be malicious because it duplicates two suits previously dismissed by the District Court. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir.1993).

3